UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HAROLD BRUCE DAVIS, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 3:09-00223 JUDGE HAYNES |
| HILDA L. SOLIS,[1] SECRETARY OF LABOR | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff, Harold Bruce Davis, Jr., filed this pro se action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. against the Defendant, Hilda L. Solis, Secretary of Labor. Plaintiff's claims are that he was denied the opportunity to apply for the position of the Director of the Tennessee Veterans Employment and Training Service ("DTVETS") based on his race and age. Plaintiff alleges that the Defendant advertised the position under the title, Supervisory Veterans' Program Specialist ("SVPS"), instead of "its statutory and commonly used name" DTVETS and Defendant's motivation to do so was based on Plaintiff's race and age.

Before the Court is Defendant's motion to dismiss (Docket Entry No. 35) and Plaintiff's motion in opposition (Docket Entry No. 47). The Defendant contends that Plaintiff's second amended complaint fails to state a claim because Defendant properly gave public notice of the vacant

---

[1]Pursuant to Fed. R. Civ. P. 25(d), Hilda L. Solis, Secretary of Labor, is substituted as the party defendant for the formerly named Secretary of Labor, Elaine L. Chao.

position and Plaintiff failed to apply for the position. In response, Plaintiff, in essence, contends that he has sufficiently pled factual allegations to support his claims of discrimination and that he did not apply for the SVPS position because of Defendant's deceptive method of advertising the vacant position.

For the reasons set forth below, the Court concludes that Plaintiff has established a claim for relief and Defendant's motion to dismiss should be denied and the Plaintiff's motion in opposition granted as Plaintiff has alleged sufficient facts to state plausible Title VII and ADEA claims in his pleadings.

## I. ANALYSIS OF SECOND AMENDED COMPLAINT[2]

Plaintiff, an African-American male, alleges that he was interested in the DTVETS position and would have applied for the position had he known of its vacancy. (Docket Entry No. 10, Second Amended Complaint at ¶ 5, attachment thereto, at 4; Docket Entry No. 3, Amended Complaint, at ¶ 9). Plaintiff alleges that Defendant failed "to publicly advertise the DTVETS position by its statutory and commonly used name, as specified by Title 38, section 4103 of the United States Code." (Docket Entry No. 3, at ¶ 9). According to Plaintiff, "[t]he title used for advertisement, Supervisory Veterans Program Specialist, was neither commonly used in referring to the position nor known to Plaintiff," and that "[u]se of that title, without explanation, was tantamount to not publicly announcing the DTVETS position." Id. at ¶ 9. Plaintiff asserts that because of Defendant's misleading advertisement he "was not made aware of instructions for making application for the DTVETS position. . . . [and] could not apply." Id.

---

[2]Plaintiff's Second Amended Complaint (Docket Entry No. 10) references his amended complaint (Docket Entry No. 3).

2

Plaintiff states that, to his knowledge, the position was not publicly announced. (Docket Entry No. 10, at p. 3).[3] Plaintiff states that he was interested in the position and would have applied for the position if he "had known how to do so." Id. at 4. Plaintiff also asserts that even if the announcement had been publicly announced, "[t]he alleged vacancy announcement was not presented in a manner that would make the position recognizable and readily accessible to interested applicants." Id. According to Plaintiff, the position was filled by "a lesser qualified white female." Id. Plaintiff further asserts that Defendant has "a history of refusing to employ blacks in executive Veterans Employment and Training Service positions within the State of Tennessee." (Docket Entry No. 3, at ¶ 10).

The Defendant submitted proof that the vacancy announcement identified the position in question as "Supervisory, Veterans' Program Specialist" and listed the hiring agency as "Labor, Veterans Employment and Training Service." (Docket Entry No. 36, Exhibit 3). According to the announcement, eligible applicants include: "All current or former federal employees with competitive/reinstatement eligibility, ICTAP/CTAP eligibles in the local commuting area and Veteran Employment Opportunity Act (VEOA) eligibles." Id. The announcement further stated that "[i]n accordance with Title 38 Section 4103 U.S.C., each applicant must be a qualified veteran who at the time of appointment has been a bona fide resident of the State of Tennessee for at least two years." Id. Under the job summary section, the announcement states that the "incumbent of this position serves as a Supervisory, Veterans' Program Specialist for the Veterans Employment and Training Service (VETS), State office located in Nashville, Tennessee." Id. at 2.

---

[3]As discussed infra, exhibits to a complaint are deemed to be part of the complaint, as are documents attached to a motion to dismiss that are referred to in the complaint and "central" to the claim.

3

## II. CONCLUSIONS OF LAW

Upon a motion to dismiss, "a civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 629 (6th Cir. 2009) (quoting Ashcroft v. Iqbal, _ U.S. _, 129 S.Ct. 1937, 1949 (2009)) (citation omitted). The Court must "'construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). The Court "'need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Id. at 903 (citations and quotation marks omitted).

In Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court explained the requirements for sustaining a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286, (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with"

4

a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1949-50. While pro se complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), pro se complaints must also satisfy the "facial implausibility" standard articulated in Twombly and Iqbal. Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010).

As the Sixth Circuit stated, "[a] motion under rule 12(b)(6) is directed solely to a complaint itself . . . [.]" Sims v. Mercy Hosp., 451 F.2d 171, 173 (6th Cir. 1971). Yet, in evaluating a plaintiff's complaint, under Fed. R. Civ. P. 10(c), any matters attached to the pleadings are considered part of the pleadings, as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

Title VII makes it unlawful for the federal government to discriminate against its employees, or prospective employees, based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16(a). The Age Discrimination in Employment Act (ADEA) prohibits the federal government to discriminate against its employees, or prospective employees, based on age. 29 U.S.C. § 633a. Plaintiff asserts that Defendant discriminated against him by failing to hire him based on his race and age.

For his Title VII and ADEA claims, a plaintiff must allege facts evincing direct or indirect evidence of discrimination and specifically: (1) that he is a member of a protected class; (2) that he applied for and was qualified for the position; (3) that he was considered for and denied the position; and (4) that he was rejected in favor of another person with similar qualifications who is not a member of the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Alexander v. Caresource, 576 F.3d 551, 559 (6th Cir. 2009).

Defendant's motion challenges Plaintiff's failure to apply for the SVPS/DTVETS position. Plaintiff cites Dews v. A.B. Dick Co., 231 F.3d 1016 (6th Cir. 2000), that Defendant's failure to give proper notice of the vacant position excuses the application requirement. In Dews, the plaintiff alleged that his former employer failed to promote him to regional sales manager ("RSM") based on plaintiff's race. Id. at 1019. In granting the defendant's motion for summary judgment, the district court concluded that Dews failed to establish that he applied for the RSM positions and that the defendant did not consider him for those positions. Id. at 1021. Relying on Carmichael v. Birmingham Saw Works, 738 F.2d 1126 (11th Cir.1984), the Sixth Circuit held:

> [I]n failure to promote cases a plaintiff does not have to establish that he applied for and was considered for the promotion when the employer does not notify its employees of the available promotion or does not provide a formal mechanism for

6

expressing interest in the promotion. Instead, the company is held to a duty to consider all those who might reasonably be interested in a promotion were its availability made generally known.

Id. at 1022.

Defendant distinguishes Dews as involving a failure to promote claim, rather than a failure to hire claim and argues that Dews has been narrowly construed by district courts. See Donahoo v. Ohio Department of Youth Services, 237 F. Supp. 2d 844, 863-64 (N.D. Ohio 2002) (Although there was not a formal mechanism for expressing interest in the promotion, plaintiff could not rely on the Dews exception because plaintiff had notice of the vacant position.); Allen v. Deerfield Mfg. Inc., 424 F. Supp.2d 987 (S.D. Ohio 2006) (in failure to hire action magistrate judge distinguished Dews as applying to failure to promote claims, but district court found that an issue of fact remained as to whether plaintiff was prevented from applying). Yet, as Allen stated:

> [T]he Sixth Circuit has recognized that in limited circumstances a plaintiff may maintain a failure-to-hire claim under Title VII without having formally applied for the position. Wanger v. G.A. Gray Co., 872 F.2d 142, 145 (6th Cir.1989). These circumstances include an environment created by the employer in which prospective applicants understand that a formal application would be futile because discrimination is so entrenched or pervasive. . . . For this exception to apply, a pervasive, consistent, and continuing pattern or practice of discrimination must be shown to excuse an applicant from formally applying for the position. Also included is the situation where the employer has a practice of hiring without asking for applications or posting the opening. Wanger at 146 citing Box v. A & P Tea Co., 772 F.2d 1372, 1376 (7th Cir.1985), cert. denied, 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). In this circumstance, a plaintiff must show that he would have applied for the position had he been aware of it.

424 F. Supp.2d at 994 (citations omitted).

Defendant next cites Plaintiff's alleged admission that he knew that the DTVETS position was vacant because its incumbent director, Richard Ritchie, had retired. In addition, the vacancy announcement utilized the position's official name and referred to the position's duties. Yet, this

7

announcement cited other sources that referred to the position by its non-official name. Defendant also relies on documents from the administrative investigation of Plaintiff's EEOC charge.

On a 12(b)(6), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In such an instance, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. Yet, a court may consider certain documents without converting the motion to dismiss into a summary judgment motion. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." Bassett v. National Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). "Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999) overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

While a plaintiff's EEOC charge may be considered for purposes of deciding a motion to dismiss, Amini v. Oberlin College, 259 F.3d 493, 502-03 (6th Cir. 2001), Defendant relies upon the investigation report, Plaintiff's affidavit, the vacancy announcement,[4] the all applicant data report, witness affidavits on the vacancy announcement, and a standard position description form dated October 1987. The Court concludes that these materials do not fall within the pleadings for purposes of Fed. R. Civ. P. 12(b)(6). See Rhea v. Dollar Tree Stores, Inc., 395 F. Supp.2d 696, 703 (W.D.

---

[4]The Court considered this document as it is referenced in Plaintiff's amended complaint and is central to his claim.

8

Tenn. 2005) (declining to consider the individual Charge Information Forms submitted by plaintiffs to the EEOC).

To be sure, Plaintiff submitted many of the same documents in his response to Defendant's motion to dismiss, but because Plaintiff is proceeding pro se, the Court declines to consider these documents to convert Defendant's motion to dismiss into a motion for summary judgment as the pro se Plaintiff should not be deemed to be on notice of a possible conversion. Freeman v. Harris, No. 3:10-0071, 2010 WL 5279942, at *2 n.2 (M.D. Tenn. Dec. 17, 2010) ("[I]t appears unfair to the *pro se* litigant to use his extraneous filings against him on the defendant's motion to dismiss.").

In any event, Plaintiff's affidavit does not resolve whether the DTVETS/SVPS advertisement was in fact posted, who placed the advertisement, if other blacks have been awarded that position, if the position is commonly posted under the SVPS name or if Defendant's actions prevented Plaintiff from applying for the position.

Moreover, under Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002), "[t]he prima facie case under McDonnell Douglas . . . is an evidentiary standard, not a pleading requirement." Id. at 510. Thus, "[i]n employment discrimination . . . suits, the plaintiff is not required, at the pleading stage, to demonstrate a *prima facie* case or to survive McDonnell Douglas burden shifting. Rather . . . in order to survive a motion to dismiss, the plaintiff's Complaint need only outline a 'facially plausible' claim for relief." Montano-Perez v. Durrett Cheese Sales, Inc., 666 F. Supp.2d 894, 901 (M.D. Tenn. 2009) (citation omitted). The Supreme Court's decision in Twombly did not overrule or affect the Court's prior ruling in Swierkiewicz. See Twombly, 550 U.S. at 569-70; Wilson v. Tennessee, No. 3:06-0073, 2007 WL 2822133, at *2 n.3 (M.D. Tenn. Sept. 26, 2007).

Here, Plaintiff alleges that he is a member of a protected class, that he was interested in the DTVETS/SVPS position, would have applied for the position had he known of its vacancy, and that Defendant's misleading advertisement, in essence, prevented him from applying. The Court concludes that Plaintiff's pro se amended complaint meets the pleading requirements under Fed. R. Civ. P. 8(a)(2) and states a claim for relief under Title VII and the ADEA.

Accordingly, the Court concludes that Defendant's motion to dismiss (Docket Entry No. 35) should be denied and Plaintiff's motion in opposition (Docket Entry No. 47) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ___3rd___ day of March, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge